# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2589 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Michelle Carter etc. Vs. Clara Collins etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny plaintiff's motion and grant summary judgment for defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 4 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 83 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 SEP 21 PM 3:30 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELLE CARTER, as next friend )
of M.C., on behalf of herself and those )
similarly situated, )
)
Plaintiff, )
)
vs. ) No. 99 C 2589
)
CLARA COLLINS, in her official )
capacity as Acting Superintendent of )
the Juvenile Temporary Detention )
Center for Cook County, and RICHARD )
DEVINE, in his official capacity as the )
State's Attorney of Cook County, (
)
Defendants. )

DOCKETED
SEP 2 4 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Carter brings this action against defendants Acting Superintendent of the Juvenile Temporary Detention Center for Cook County Clara Collins and Cook County State's Attorney Richard Devine, pursuant to 42 U.S.C. §1983. Plaintiff alleges that defendants detained her son, M.C., in violation of the Fourth and Fourteenth Amendments. Currently pending are the parties' cross-motions for summary judgment. For the following reasons, we deny plaintiff's motion and grant summary judgment for defendants.

## BACKGROUND

M.C. was arrested for criminal trespass to land on April 5, 1999. He was 14 years old at the time. Because the State sought to hold M.C. in custody until his delinquency hearing, the young suspect was brought before the Juvenile Court the following day for a detention hearing pursuant to 705 ILCS 405/5-501.

Under Illinois law a juvenile court may order a minor detained pending his or her



delinquency hearing if the State establishes probable cause to believe that the minor is delinquent[1] and that there is an immediate and urgent necessity for the protection of the minor or other person or property. *See* 705 ILCS 405/5-501(2).[2] Under the amendments imposed by the Juvenile Justice Reform Act of 1998 (the "JJRA"), the Juvenile Court may consider, *inter alia*, "evidence by way of proffer based upon reliable information offered by the State or the minor." *Id*; *see also* 405/5-501. Since these amendments went into effect on January 1, 1999, the Juvenile Court has found probable cause of delinquency based solely upon a state's attorney's proffer of information.

Plaintiff Michelle Carter, M.C.'s mother, cites the circumstances surrounding her son's detention as an example of this practice. Only minutes before M.C.'s detention hearing, the assistant state's attorney served M.C.'s yet-to-be appointed public defender with a copy of the police report concerning M.C.'s arrest. At the hearing, the assistant state's attorney did not offer any evidence or any information under oath to demonstrate probable cause of

---

[1] A "delinquent minor" is a minor who has committed, or attempted to commit, a crime. *See* 705 ILCS 405/5-105(3).

[2] Section 705 ILCS 405/5-501 (emphasis added) provides in relevant part:

> 5-501. Detention or shelter care hearing.
> At the appearance of the minor before the court at the detention or shelter care hearing, the court shall receive all relevant information and evidence, including affidavits concerning the allegations made in the petition. *Evidence used by the court in its findings or stated in or offered in connection with this Section may be by way of proffer based on reliable information offered by the State or minor.* All evidence shall be admissible if it is relevant and reliable regardless of whether it would be admissible under the rules of evidence applicable at a trial. No hearing may be held unless the minor is represented by counsel.
> (1) If the court finds that there is not probable cause to believe that the minor is a delinquent minor it shall release the minor and dismiss the petition.
> (2) If the court finds that there is probable cause to believe that the minor is a delinquent minor, the minor, his or her parent, guardian, custodian and other persons able to give relevant testimony may be examined before the court. *The court may also consider any evidence by way of proffer based upon reliable information offered by the State or the minor.* All evidence, including affidavits, shall be admissible if it is relevant and reliable regardless of whether it would be admissible under the rules of evidence applicable at trial. After such evidence is presented, the court may enter an order that the minor shall be released upon the request of a parent, guardian or legal custodian if the parent, guardian or custodian appears to take custody.

delinquency, but rather proffered to the Juvenile Court "facts intended to establish" probable cause (Cplt. ¶20). This proffer consisted of reading to the Juvenile Court portions of a police report. The arresting officer had signed the report below the statement, "I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge." (Exh. F). A deputy clerk had also signed the report, but there is no statement on the face of the document that he was present when the officer signed under the above statement. Based solely upon the proffer, the Juvenile Court found probable cause to believe M.C. had committed a crime. The court further found the existence of an immediate and urgent need to detain M.C. pending trial. By the court's order, M.C. was detained in the Juvenile Temporary Detention Center of Cook County until his trial.

Plaintiff, as next friend of M.C., complains that this practice (and the statute which permits it) violates the Fourth and Fourteenth Amendments to the United States Constitution. She seeks declaratory and injunctive relief pursuant to 28 U.S.C. §1983. We previously denied, in part, defendants' motion to dismiss. *See* Carter v. Doyle, 95 F.Supp.2d 851 (N.D. Ill. 2000).

## DISCUSSION

We may only grant summary judgement if there are no genuine issues of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). This does not mean there must be absolutely no evidence supporting the non-moving party, but rather there is not enough to support a reasonable jury verdict. *Id.* at 248.

Defendants make two arguments here, both of which we can resolve as a matter of law. First, they assert that the current suit is barred under the doctrine of *res judicata*. And second, that M.C.'s detention proceedings were constitutional on their merits.

## I. Res Judicata

*Res judicata*, or claim preclusion, arises when a party tries to relitigate a matter which a court has already decided. The party asserting it must establish three elements: (1) a court of competent jurisdiction issued a final judgment on the merits; (2) the causes of action are identical; and (3) the parties are identical. *See* 4901 Corp. v. Town of Cicero, 220 F.3d 522, 529 (7th Cir. 2000). In denying defendants' motion to dismiss under the Rooker-Feldman doctrine we found that M.C. had no meaningful opportunity to litigate this constitutional issue in state court. Carter, 95 F.Supp.2d at 859. This finding makes *res judicata* inappropriate as well.[3] Defense counsel did raise an objection at the detention hearing. But the court summarily overruled it, stating no explanation on the record (Exh. C at 4). Furthermore, the transitory nature of pretrial confinement makes appellate review virtually impossible. Because plaintiff has not had any meaningful opportunity to litigate this issue, it is not barred by *res judicata*.

## II. Constitutionality of Proferring Police Reports

There must be a neutral judicial finding of probable cause as a prerequisite to an extended restraint of liberty following arrest. Gerstein v. Pugh, 420 U.S. 103, 114 (1975). We previously held that, consistent with the Fourth Amendment, probable cause may not be determined solely on the basis of an unsworn proffer by the state's attorney. Carter, 95 F.Supp.2d at 861. In that same opinion, however, we surmised "that the drafters did not envision the elimination of evidence from pretrial detention hearings, but rather intended that the proffer be available to supplement or organize the evidentiary material before the juvenile

---

[3] There may be other situations where *res judicata* does bar a claim that Rooker-Feldman did not. *See* Fayyumi v. City of Hickory Hills, 18 F.Supp.2d 909, 914 (N.D. Ill. 1998). It depends on the reason Rooker-Feldman was found inapplicable. This is not such a situation.

court. Or perhaps they sought to allow written affidavits to be presented rather than requiring live witnesses." *Id.* at 863. Both parties appear to agree that this is a reasonable construction of the statute. We will so construe the statute, avoiding a constitutional problem. *See* Frisby v. Schultz, 487 U.S. 474, 482-83 (1988). So long as probable cause is decided by a neutral magistrate, the Court has allowed "informal methods of proof," including hearsay and written testimony provided in a non-adversary proceeding. Gerstein, 420 U.S. at 120. The question that remains, then, is whether signed arrest reports, such as the one proffered in M.C.'s case, are sufficient for Fourth and Fourteenth Amendment purposes.

Plaintiff relies on Illinois law holding that a "sworn report" must be supported by an oath or affirmation under penalties of perjury. *See, e.g.,* People v. McClain, 539 N.E.2d 1247, 1251 (Ill. 1989) (defining "sworn" as "certified in accordance with section 1-109 of the Code of Civil Procedure" or "signed under the pains and penalties of perjury"), *citing* 735 ILCS 5/1-109. The arresting officer signed the report. It states on its face, "I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge," but does not mention anything about perjury (Exh. F). It is departmental policy that the officer sign this statement in the presence of a deputy clerk. Although the report does not state on its face that he was physically present when the officer signed it, a deputy clerk countersigned this report. Importantly, the only question we are addressing is whether this satisfies federal constitutional requirements. We are not concerned with how state courts enforce state law, be it the state constitution or state evidentiary rules. It is up to the Illinois courts to determine whether arrest reports are "evidence" under state law. The Fourth Amendment requires that probable cause be based on oath or affirmation. *See* United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994). Although Illinois law has a similar requirement,

we are not bound by the state law definition. Here, the judge found probable cause based on an arrest report that was "solemnly, sincerely, and truly declare[d] and affirm[ed]." Plaintiff's argument is essentially that the countersigning official does not specifically attest that the officer signed in his presence. But the deputy clerk did countersign the report. Unless we assume a police officer would lie because he concluded he technically was not under oath, this ought to be enough. Even if the officer is not technically subject to perjury charges, officers know there are significant consequences for filing a false arrest report. And as plaintiff points out, both state and federal law provide exceptions from the oath requirement, so long as the witness certifies the truth of the statements. *See* 735 ILCS 5/1-109; 28 U.S.C. §1746. We find that the affirming statement, signature and countersignature on the arrest report adequately reinforce the importance of telling the truth. The report can then adequately support a probable cause finding.

Analysis of the claim under the Fourteenth Amendment requires only a slight rephrasing: Is a judicial finding of probable cause *per se* "unfair" or "unreliable" if it is made solely on the basis of such a proffer? *See, e.g.,* Schall v. Martin, 467 U.S. 253, 263 (1984) (noting that the due process clause requires "fundamental fairness" in juvenile proceedings). We find nothing unfair or unreliable about this process. The affirmed arrest report is just as reliable as any other form of documentary evidence.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

September 20, 2001.